Case 4:21-cr-00409 Document 8 Filed on 07/06/21 in TXSD Page 1 of 5

AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Houston Division of the

Southern District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 4:21-mj-1469 |
| Osmi Garcia-Carrillo | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

　　☐ **(e)** any felony that is not otherwise a crime of violence but involves:
　　**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
　　**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

　☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

　☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence

☒ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district
☒ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On July 6, 2021, the Court held a hearing to determine whether Defendant Osmi Garcia-Carrillo should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). The Defendant is charged in a Criminal Complaint, Case No. 4:21-mj-1469, pending in the Southern District of Texas, Houston Division, with conspiracy to possess with the intent to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). Assistant United States Attorney John Noh appeared on behalf of the United States (the "Government"); CJA Attorney Nick Dickerson appeared on behalf of Defendant.

Defendant's Background

Pretrial Services ("PTS") prepared a report after an interview of Defendant. He is 26 years Mexican notional who came to the United States illegally only three months before his arrest. His information was not corroborated and therefore of limited value. He said that he lives in an rented apartment with his brother, with the lease was in his brother's name. He did not disclose the address. His brother is also in the country illegally. He did not provide a name, address, or phone number for his brother. Defendant is not married, but his pregnant girlfriend is a Mexican citizen, living in Mexico. His mother and three brothers live in Mexico. Defendant claimed to have been studying veterinary medicine before entering the U.S. He claimed that he worked construction jobs as a day laborer. He has no criminal history.

PTS recommended detention.

Evidence Regarding the Pending Complaint

At the hearing, the Government offered testimony of a Taskforce Officer ("TO") with the Drug Enforcement Administration ("DEA"), concerning the investigation and Defendant's subsequent arrest. The Court finds the TO's testimony to be credible. He testified to the following:

1. TO was familiar with Defendant and the charges leading to his arrest. TO testified about the investigation into the methamphetamine drug trafficking that was connected to Atlanta, Georgia.

2. In June 2020, TO received credible information regarding the possible drug activities of co-Defendant Cuauhtemoc Ochoa-Arroyya and a meth conversion and distribution in Houston, Texas. Agents in Georgia provided TO with information regarding suspected meth trafficker in Houston Texas. In 2020 Manuel Saliver Ramos was arrested in Mississippi in possession of 400 kilos of meth. DEA did a controlled delivery of that meth to Jose Gonzalez near Atlanta Georgia. When Gonzalez was arrested, he told agents that a person named Chappamill directed him to pick up the drugs from Ramos. This information was confirmed through Gonzalez's cell phone messages.

3. TO learned through the investigation that Chappamill was messaging others who were arrested for trafficking meth. After the arrest of Gonzalez, investigators obtained a warrant for the WhatsApp account on Chappamill's Mexican phone number. The records showed that he was in contact with multiple numbers associated with drug traffickers. Chappamill's

number was also associated with an Apple iCloud account. Through the Apple information, investigators identified the account owner as co-Defendant Ochoa-Arroyo. Investigators determined that his Mexican phone number was changed to a Houston phone number starting with area code 832. Using that number Ochoa-Arroyo continued to transact drug business. The iCloud account had ledgers for drug sales and payment receipts. The iCloud account was linked the same IP address as Ochoa-Arroyo's Mexican phone number.

4.   Investigators obtained a GPS tracking order to find the location of Ochoa-Arroyo's phone. They determined that it was located at a residential house on Prairie Larkspur Drive, Houston, Texas, Harris County, in the Southern District of Texas. Investigators conducted surveillance for about twelve days on the residence. They determined that three people were at the residence. Two people seemed to live there. One person came and left.

5.   The co-Defendant was identified through a social media photo that Atlanta DEA had previously provided the Houston team. Defendant was not on their radar until they started surveillance at the residence. He was observed as one of the two people who resided there. He did not leave the residence with any pattern that indicated he was going to or returning from outside employment.

6.   Investigators had obtained a search warrant for the residence on June 30, 2021. Defendant was arrested after leaving the residence on a traffic violation. He consented to a search of the vehicle. The officers found five trash bags inside the SUV, one of which contained empty gallon size cans of acetone. Acetone is commonly used for the production of crystal meth. Drug traffickers often dispose of trash at alternate locations to avoid detection by police of their drug making activities. Defendant said that the trash at his house was full so he was taking his trash somewhere else to dispose of it. Defendant was arrested. After his arrest he gave a statement of his role in the production and distribution of meth.

7.   The search warrant was executed on the residence. Inside the house, officers found that the house was used as a meth conversion lab. They seized approximately 28 kilos of crystal meth and 7 gallons of liquid meth. In addition, they found multiple cans of acetone.

8.   TO testified that there was an immigration detainer on Defendant.

9.   Defendant did not put on any evidence.

Order

Based on the allegations in the criminal complaint, the evidence presented at hearing, and the information in the Pretrial Services report, the Court concludes as follows:

(1)   Probable cause exists to believe that he committed the offenses with which he is charged, namely: conspiracy to possess with the intent to distribute a controlled substance (methamphetamine) in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(viii).

(2)    Pursuant to 18 U.S.C. § 3142(e), the drug charge, which carries a minimum 10-year sentence, creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. See United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987) (presumption against pretrial release arises based on indictment's allegations). Defendant offered no evidence to rebut the presumption.

(3)   In addition to the presumption, the Government established by clear and convincing evidence that Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The evidence of guilt is strong. The evidence establishes that Defendant was involved in the possession and distribution of large quantities of meth. Defendant was only present in the U.S. for three months, yet he was instantly involved in a large-scale drug trafficking organization. He was arrested after leaving a residence where he apparently resided and where 28 kilos of crystal meth and 7 gallons of liquid meth were seized. He admitted to his involvement in this drug trafficking enterprise.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

(4)   In addition to the presumption, the Government established by a preponderance of the evidence that the Defendant is a flight risk because the penalty range for the charge at issue, with enhancements, is for jail time of 30 years to life. Because the evidence of guilt is strong, this enhances the risk of flight. Defendant has no verifiable employment and admitted that he was involved in dealing meth. He has only been in the country for three months and has no legal status. His mother, three brothers, and pregnant girlfriend reside in Mexico. He keeps in close contact with his family in Mexico. He claims to have a brother who lives here, but that brother is also in the country illegally and no information was provided to verify his employment or residence. There is an ICE detainer on him.

(5)   Defendant has not rebutted the presumption that he is a danger to the community or a flight risk. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut this presumption, a defendant can show that something about his individual circumstances suggests that "what is true in general is not true in the particular case," including evidence of his marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)). The Government has met the burden of persuasion with regard to danger and risk of flight.

(6)   Thus, the Court finds that there are no condition or combination of conditions that will reasonably assure safety to the community or Defendant's appearance as required such that it cannot safely release him on bond.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     07/06/2021                                              *Dena Palermo*

United States Magistrate Judge